UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAMONT ATKINSON, an individual, on behalf of himself and others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>LIFE CARE CENTERS OF AMERICA, INC., a Tennessee Corporation,<br><br>      Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO: The Honorable Judges of the United States District Court for the Western District of Washington at Seattle

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Life Care Centers of America, Inc. ("Defendant") removes to this Court the above-styled putative class action, pending as Case No. 22-2-00662-5 SEA in the Superior Court for King County (the "Action"). As grounds for removal, Defendant states as follows:

**BACKGROUND**

1. On January 12, 2022, Plaintiff Lamont Atkinson ("Plaintiff") filed a Complaint for Damages and Injunctive Relief (the "Complaint") against the Defendant in King County Superior Court. *See* Declaration of Erin M. Wilson in Support of Notice of Removal ("Wilson Decl.") at ¶ 2, Exhibit A.

2. In general, Plaintiff alleges that the Defendant fails to correctly pay the Plaintiff

NOTICE OF REMOVAL - 1
CASE NO.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

119707.0084/8854352.1

and its other hourly, non-exempt employees for their time spent testing and screening for Covid-19. *See generally*, Complaint. Specifically, Plaintiff alleges that he and other employees are required to undergo a screening for Covid-19 prior to every shift and to undergo weekly Covid-19 testing at their assigned Life Care facility. Complaint at ¶¶ 4.4-4.5. Plaintiff alleges that he and other employees are screened for Covid-19 before checking in for their shifts, thereby allegedly depriving them of pay for time waiting for and undergoing Covid-19 screening procedures. *Id.* at ¶ 4.4. He further alleges that employees are not paid when they come into a facility on a day that they are not scheduled for a shift in order to be tested for Covid-19. *Id.* at ¶ 4.5.

3.  Plaintiff alleges causes of action for violation of the Washington wage and hour laws for alleged failures to properly pay for time spent screening and testing for Covid-19. Complaint at ¶¶ 6.2-7.3. Plaintiff seeks compensatory damages, double damages, as well as an injunction, attorneys' fees, costs, expenses and interest as allowed by law. *Id.* at ¶¶ 6.5, 7.3, Prayer for Relief.

4.  Upon information and belief, Plaintiff is a resident and citizen of the state of Washington. *Id.* at ¶ 2.1. *See* Wilson Decl. at ¶ 5.

5.  Defendant is a corporation incorporated in the state of Tennessee with its principal place of business in the state of Tennessee. *See* Wilson Decl. at ¶ 6, Ex. C.

**PROCEDURAL REQUIREMENTS**

6.  Defendant was served with the summons and Complaint on January 18, 2022. Wilson Decl. at ¶ 3, Ex. B. This Notice of Removal is timely in that it is being filed within thirty (30) days of Defendant's receipt of service of process of the summons and the Complaint on January 18, 2022. *See* 28 U.S.C. § 1446(b).

7.  Defendant has not filed any pleadings in the Action, other than a Notice of Appearance.

8.  Plaintiff's alleged claims have arisen in King County, Washington. Complaint at ¶ 2.1. Accordingly, venue is proper in the Western District of Washington at Seattle. *See* Local

NOTICE OF REMOVAL - 2
CASE NO.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

119707.0084/8854352.1

Civil Rule 3(e).

**FEDERAL DIVERSITY JURISDICTION REQUIREMENTS**

9.      Diversity jurisdiction under 28 U.S.C. § 1332 exists because this action is between citizens of different states and the amount in controversy exceeds $75,000.

10.     As stated above, upon information and belief, Plaintiff is a resident and citizen of the state of Washington.  Complaint at ¶ 2.1.

11.     As stated above, Defendant is a corporation incorporated in the state of Tennessee with its principal place of business in the state of Tennessee.  *See* Wilson Decl. at ¶ 6, Ex. C.  The citizenship of a corporation for purposes of diversity jurisdiction is based on its state of incorporation and state in which its principal place of business lies.  28 U.S.C. § 1332 (c)(1).  Accordingly, for purposes of diversity jurisdiction, the Defendant is a citizen of Tennessee.

12.     The amount in controversy exceeds $75,000.  "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  In his Complaint, Plaintiff brings claims for failure to pay wages owed and willful withholding of wages in violation of Washington law.  *See generally*, Complaint.  With respect to these claims, Plaintiff seeks compensatory damages, double damages, an injunction, prejudgment interest, costs, and attorneys' fees.  *See id.* at ¶¶ 6.5, 7.3 and Prayer for Relief.  Plaintiff's Complaint does not allege the amount of time of time he spent undergoing COVID-19 health checks or COVID-19 testing, nor does it allege any particular dollar amounts in damages.  *See generally*, Complaint.  Where a plaintiff fails to allege the amount in controversy, the defendant "is not required to admit, and is certainly not required to *prove*, the truth of plaintiff's assertions before invoking diversity jurisdiction."  *Patel v. Nike Retail Svcs, Inc.*, 58 F. Supp. 3d 1032, 1040 (N.D. Cal., Jul. 21, 2014) (original emphasis).  Although Defendant denies the allegations in the Complaint and further denies that it failed to pay the Plaintiff or any putative class member any amounts due whatsoever, assuming the Plaintiff's allegations are true, the amount in controversy exceeds $75,000.

NOTICE OF REMOVAL - 3
CASE NO.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

119707.0084/8854352.1

13.     The amount in controversy has been met based on the following facts: While working at Life Care, Plaintiff earned between $15.00 and $17.00 per hour. *See* Declaration of Melissa Nelson in Support of Notice of Removal ("Nelson Decl.") at ¶ 9. Plaintiff worked at Life Care Federal Way from about September 15, 2020 until about December 31, 2021 at the latest. *Id*. Plaintiff worked approximately 129 shifts at Life Care Federal Way. *Id*. at ¶ 10. Pre-shift health screenings typically take less than one minute to complete. *Id*. at ¶ 6. If there is a line of employees waiting to complete the screening, which is rare, the wait does not exceed five minutes. *Id*. While Defendant disagrees with and denies Plaintiff's allegations, the Court is obliged to accept Plaintiff's allegations as true and assume a jury will find in Plaintiff's favor at this juncture. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Even so, based on a review of Plaintiff's personnel file, Plaintiff's maximum compensatory damages for pre-shift health screenings will range from $36.55 to a maximum amount of $219.30.[1] Double damages based on that range would be $73.10 to $438.60.

14.     Routine testing at Life Care Federal Way typically occurred every Monday from the date of implementation through the present. *See* Nelson Decl. at ¶¶ 8, 9. It is estimated that testing may take about 1.5 minutes to complete. *Id*. at ¶ 8. Employees can self-swab to avoid any wait, but those that choose to wait in line and have a nurse administer the test would still not wait more than five minutes. *Id*. Plaintiff's employment at Life Care spanned approximately 53 Mondays, though Plaintiff did not work all of those Mondays. *Id*. at ¶ 10. Again, Defendant disagrees with and denies Plaintiff's allegations, but even accepting Plaintiff's allegations as true and drawing all inferences in Plaintiff's favor, Plaintiff's maximum compensatory damages for

---

[1] This figure is derived by dividing Plaintiff's largest hourly wage of $17.00 per hour by 60, to determine a rate of .283 per minute, multiplied by the 1 – 6 minute wait to undergo a health check and then multiplied again by the approximately 129 shifts that Plaintiff worked. Even the smaller number is inflated because Plaintiff's actual wage was $15.00 for some of the relevant time period, and health screenings and wait times varied and could have taken less time.

NOTICE OF REMOVAL - 4
CASE NO.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

119707.0084/8854352.1

1  COVID-19 testing would range from $19.13 to approximately $97.60.[2]  Double damages based
2  on that range would be $38.26 to $195.22.

3        15.     A claim for attorneys' fees is also included in determining the amount in
4  controversy. *See Fritsch v. Swift Transportation Co. of Ariz.*, 899 F.3d 785, 788 (9th Cir. 2018)
5  (stating that if a plaintiff would be entitled under a statute to future attorneys' fees, such fees are
6  at stake in the litigation and should be included in the amount in controversy analysis).  Here, the
7  Washington wage and hour statutes that Plaintiff invokes in his Complaint provide for attorneys'
8  fees.  *See* Complaint at ¶¶ 6.3, 7.3; RCW 49.12.150; RCW 49.46.090; RCW 49.48.030; RCW
9  49.52.070.

10        16.     In similar putative wage and hour class actions, Plaintiff's counsel's attorneys'
11  fees have greatly exceeded the $75,000 amount in controversy requirement, ranging from
12  $174,616 to $1,346,400, all incurred before trial.  *See* Wilson Decl. at ¶¶ 9-14, Exs. D-J.  In at
13  least one of these matters, Plaintiffs' counsel's fees more than doubled the $75,000 minimum
14  jurisdictional threshold without even taking or defending any depositions or filing or opposing
15  any motions.  Wilson Decl. at ¶ 12.

16        17.     The costs of granting Plaintiff's asserted injunctive relief are also included in
17  determining the amount in controversy. *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 416
18  (9th Cir. 2018) ("The amount in controversy may include "damages (compensatory, punitive, or
19  otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under
20  fee shifting statutes."). Here, Plaintiff seeks injunctive relief requiring Defendant to pay wages
21  to all Washington employees engaging in pre-shift health screenings and COVID-19 testing.  *See*
22  Complaint, Prayer For Relief, D.  Currently, Plaintiff's employer employs 1,503 hourly
23  associates working at Life Care facilities in Washington state, at an average hourly rate of $24.90

---

[2] This figure is derived by dividing Plaintiff's largest hourly wage of $17.00 per hour by 60, to determine a rate of .283 per minute, multiplied by the 1.5 - 6.5 minute wait to undergo a COVID-19 test and then multiplied again by 45 (the number of Mondays that Plaintiff may have worked) and 53 (the total number of Mondays that occurred during Plaintiff's employment). Again, Plaintiff earned less than $17.00 per hour at times, and testing and wait times varied and could have been faster.

NOTICE OF REMOVAL - 5
CASE NO.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

119707.0084/8854352.1

per hour. *See* Nelson Decl. at ¶ 11. Defendant disagrees with and denies Plaintiff's allegations, but assuming their truth and drawing inferences in Plaintiff's favor, the estimated cost of Plaintiff's requested injunction could range from $4,054.34 to $22,766.69 per week.[3]

18. Accordingly, even though Defendant denies any liability or that any damages will be proven in this case, if Plaintiff's allegations were true, when combining Plaintiff's alleged actual and double damages, the cost of an injunction, and attorneys' fees, the amount in controversy greatly exceeds $75,000. It is reasonable to expect that Plaintiff's attorneys' fees alone will exceed $75,000, and also reasonable to expect that the cost of an injunction alone would cost the Defendant more than $75,000 in only approximately four months time (again, assuming Plaintiff's allegations are true, which Defendant denies).

19. By seeking removal, Defendant does not waive, and expressly reserves all rights, defenses, or objections of any nature that it may have to Plaintiff's claims. Specifically, Defendant does not waive any of its affirmative defenses as to sufficiency of process, sufficiency of service, jurisdiction, venue, failure to state a claim, failure to join a party, or any other defense in this matter. Defendant merely offers "reasonable extrapolations from the plaintiff's allegations" to establish the amount in controversy. *Patel*, *supra.*, 58 F. Supp. 3d at 1041.

20. Defendant will promptly serve Plaintiff and file with this Court its Notice of Removal to Plaintiff, informing Plaintiff that this matter has been removed to federal court. *See* 28 U.S.C. § 1446(a), (d). Defendant will also promptly file with the clerk of the Superior Court of King County, Washington, and serve on Plaintiff, a Notice of Removal to Federal Court pursuant to 28 U.S.C. § 1446(d).

Therefore, Defendant gives notice that the Action has been removed from King County Superior Court to this Court.

---

[3] This figure derives from dividing the average hourly employee's wage rate of $24.90 by 60 to determine a minute rate of .415, then multiplying that number by the 1 - 6 minutes for pre-shift health screenings and 1.5-6.5 minutes for COVID testing, times 5 shifts per week for screening and 1 test per week, times 1,503 employees in Washington to arrive at the total cost.

NOTICE OF REMOVAL - 6
CASE NO.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

119707.0084/8854352.1

DATED: February 17, 2022

LANE POWELL PC

By *s/Barbara J. Duffy*
Barbara J. Duffy, WSBA No. 18885

By *s/Erin M. Wilson*
Erin M. Wilson, WSBA No. 42454

1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107
duffyb@lanepowell.com
wilsonem@lanepowell.com

*Attorneys for Defendant*

NOTICE OF REMOVAL - 7
CASE NO.

119707.0084/8854352.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the United States of America that, on the date indicated below, I caused the foregoing document to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to all attorneys and parties of record.

Donald W. Heyrich WSBA 23091
Jason A. Rittereiser WSBA 43628
Rachel M. Emens WSBA 49047
Henry Brudney WSBA 52602
Joseph W. Wright WSBA 55956
HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, WA 98101
Ph: 206-838-2504
Email:
dheyrich@hkm.com
jrittereiser@hkm.com
remens@hkm.com
hbrudney@hkm.com
jwright@hkm.com

Peter D. Stutheit WSBA 32090
STUTHEIT KALIN LLC
1 SW Columbia, Suite 1850
Portland, Oregon 97258-2040
Ph: 503-493-7488
Email: peter@stutheitkalin.com
*Attorneys for Plaintiff*

- ✓ **by CM/ECF**
- ✓ **by Electronic Mail**
- ☐ **by Facsimile Transmission**
- ☐ **by First Class Mail**
- ☐ **by Hand Delivery**
- ☐ **by Overnight Delivery**

DATED this 17th day of February, 2022 at Seattle, Washington.

*s/Janet Wiley*
Janet Wiley, Legal Assistant

NOTICE OF REMOVAL - 8
CASE NO.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

119707.0084/8854352.1