UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAMONT ATKINSON,<br><br>Plaintiff,<br><br>v.<br><br>LIFE CARE CENTERS OF AMERICA, INC.,<br><br>Defendant. | Case No. C22-00190 RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND |

**I.   INTRODUCTION**

This matter comes before the Court on Plaintiff Lamont Atkinson's Motion for Remand. Dkt. #11. Plaintiff moves the Court for an order remanding this action to King County Superior Court. Defendant Life Care Centers of America, Inc. ("Life Care") opposes remand. Dkt. #12. The Court has determined that oral argument is unnecessary. For the reasons below, the Court agrees with Mr. Atkinson, GRANTS his Motion and REMANDS this case to King County Superior Court.[1]

---

[1] In its Opposition, Life Care requests the Court "order Plaintiff to submit an affidavit or stipulation that he will continue to claim less than the jurisdictional amount as a condition of remand." Dkt. #12 at 13 (citing *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1038 (N.D. Cal. 2014) ("[A] federal court ... can insist on a binding affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount as a pre-condition for remanding the case to state court.").). The Court denies this request. Life Care cites to language from the Wright, Miller, & Cooper Federal Practice and Procedure treatise for the assertion that a federal court can insist on a "binding affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount," the citations immediately following this statement affirmatively state that such a stipulation must *precede* removal. *See*

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 1

## II.  BACKGROUND

On January 12, 2022, Mr. Atkinson filed a class action complaint in King County Superior Court against Life Care. Life Care operates skilled nursing, Alzheimer's, and rehabilitation care facilities in Washington. Dkt. #1-2 ¶ 2.2. Mr. Atkinson was formerly an hourly employee at Life Care. Dkt. #9 ¶ 2.1. Mr. Atkinson alleges that Life Care's facilities have seen significant COVID-19 cases beginning in 2020, when its Kirkland facility suffered the first major COVID-19 outbreak in the United States. Dkt. #1-2 ¶¶ 4.1-4.2. In response, Life Care purportedly instituted COVID-19 mitigation measures in its Washington facilities. Dkt. #1-2 ¶ 4.2. Mr. Atkinson alleges that as a Life Care employee he had to undergo these measures without pay. Dkt. #1-2 at 4.1–4.5. He alleges that Life Care requires its employees to undergo screening for COVID-19 symptoms prior to each shift without pay. Dkt. #1-2 ¶ 4.4. He further alleges that Life Care requires its employees to submit to weekly COVID-19 testing, but only pays employees for this time if it occurs during the employee's regularly scheduled shift. Dkt. #1-2 ¶ 4.5. As a former hourly employee who was allegedly subjected to these practices, Mr. Atkinson brought this putative class action to recover lost wages for himself and his former co-workers. Dkt. #1-2 at 8–9. Mr. Atkinson seeks compensatory damages, double damages, as well as an injunction, attorneys' fees, costs, expenses and interest as allowed by law. Dkt. #1-2 ¶¶ 6.5, 7.3, Prayer for Relief.

On February 17, 2022, Life Care filed a Notice of Removal on the basis of diversity jurisdiction. Dkt #1 ¶ 9. Life Care alleges that it and Mr. Atkinson are citizens of different states,

---

14AA Charles Alan Wright et al., Federal Practice and Procedure § 3702.1 (citations omitted). The treatise subsequently cites this same authority when acknowledging that "[s]ome courts have required that these affidavits or stipulations be executed prior to the notice of removal as a sign of their bona fides and cannot await the motion to remand." *Id*. The treatise goes on to acknowledge that "[o]ther courts, however, have carved out a narrow exception allowing binding, unequivocal post-removal affidavits or stipulations to clarify the amount-in-controversy when the complaint was ambiguous." *Id*. This Court has never allowed binding, unequivocal post-removal affidavits or stipulations to clarify the amount in controversy and will not start today.

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 2

and that the amount in controversy between them exceeds $75,000. Dkt #1 ¶¶ 9-12. Life Care admits that the actual damages at issue between it and Mr. Atkinson are between $111.36-$633.82. Dkt #1 ¶¶ 13–14. However, Life Care alleges that the cost of an injunction and the potential attorney fees in the case satisfy the amount in controversy requirement. Dkt #1 ¶¶ 15–18 . Mr. Atkinson filed the instant Motion to Remand on March 17, 2020. Dkt. #11.

### III. DISCUSSION

#### A. Legal Standard

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Typically, it is presumed "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

#### B. Analysis

Life Care sought removal under 28 U.S.C. § 1332. Dkts. #1 ¶ 9, #1-1 at 1. Removal jurisdiction exists under 28 U.S.C. § 1332(a) only where "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). A putative class action cannot be removed under § 1332(a) unless "at least one named plaintiff satisfie[s] the amount in controversy requirement

....." *Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 398 (9th Cir.2010) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005)).

The parties dispute whether Mr. Atkinson's request for injunctive relief can be included in the amount in controversy and the value of Mr. Atkinson's claim for attorneys' fees. Life Care admits that the actual damages at issue between it and Mr. Atkinson are between $111.36-$633.82. Dkt #1 ¶¶ 13-14. However, Life Care estimates that the total attorney fees in this case could range from $174,616 to $1,346,400 (Dkt #1 ¶, 16) and that the cost of complying with an injunction "could range from $4,054.34 to $22,766.69 per week." Dkt #1 ¶ 17. In other words, the cost of the injunction or claim for attorneys' fees alone could satisfy the amount in controversy requirement.

### 1. Injunctive Relief

Life Care argues that the cost of compliance with the injunction Mr. Atkinson requests "could range from $4,054.34 to $22,766.69 per week." Dkt #1 ¶ 17. However, since Mr. Atkinson is no longer employed by Life Care (Dkt. #9 ¶ 2.1), he lacks standing to seek the requested injunction. *Walsh v. Nev. Dep. Of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (former employee lacked standing to pursue injunctive relief because it would not redress their injury); *see also E.E.O.C v. Cottonwood Financial Washington, LLC*, No. CV-09-5073-EFS, 2010 WL 5300555, *12 (E.D. Wash, Dec. 20, 2010). Life Care argues that whether or not Mr. Atkinson has standing to request an injunction, "the parties and this Court are bound by what Plaintiff has plead" and "[f]or this reason, Plaintiff's standing argument is irrelevant to determining the amount in controversy." Dkt. #12 at 5. Life Care fails to recognize that the jurisdictional issue of standing can be raised at any time, including by the court *sua sponte. Board of Natural Resources v. Brown,* 992 F.2d 937, 944 (9th Cir.1993) ("The jurisdictional

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 4

element of standing must be met in every case, and we must satisfy ourselves that this element exists even if no party to the action raises a doubt regarding its presence."). Because the Court finds that Mr. Atkinson's requested injunction cannot be included in computing the amount in controversy the Court shall not determine whether or not Life Care correctly computed the cost of such an injunction.

### 2. Attorneys' Fees

Life Care argues that the total attorney fees in this case could range from $174,616 to $1,346,400. Dkt #1 ¶, 16. In support of this contention, Life Care submitted a declaration with exhibits reflecting the hourly rates charged by multiple attorneys at Mr. Atkinson's counsel's firm in three different cases. *See* Dkt. #3, Ex. D–I.[2]

"[Attorneys'] fees may be included in the amount in controversy" where "an underlying statute authorizes a[ ][fee] award...." *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir.1998). Here, the Washington wage and hour statutes that Mr. Atkinson invokes in his Complaint provide for attorneys' fees. Dkt. #1-2 at ¶¶ 6.3, 7.3; RCW 49.12.150; RCW 49.46.090; RCW 49.48.030; RCW 49.52.070. Mr. Atkinson does not dispute that attorney fees may be included in determining the amount in controversy, but argues "in putative class actions like this one the aggregate fees cannot be attributed solely to the named plaintiff" and that "any award must be divided evenly among class members for the purpose of calculating the amount in controversy." Dkt. #11 at 8 (citations omitted). The Court agrees.

To determine the amount in controversy under § 1332(a), "any potential attorneys' fees award ... must be divided among all members of the plaintiff class ... [,]" unless the statute under which fees are sought allocates fees exclusively to the named plaintiff. *Kanter v. Warner–*

---

[2] Mr. Atkinson's Motion includes argument about why fee awards from these cases are not probative of what the fees will be in this case. The Court does not reach this issue.

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 5

*Lambert Co.*, 265 F.3d 853, 858 (9th Cir.2001); *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 942–43 (9th Cir.2001) (distinguishing a California statute that awards attorneys' fees to "a successful party" from a Louisiana statute that awards fees to "representative parties," and finding the former requires pro rata division of attorneys' fees for purposes of amount in controversy (*citing In re Abbott Labs.*, 51 F.3d 524, 526 (5th Cir.1995))).

Here, since the Washington wage and hour statutes that Mr. Atkinson invokes in his Complaint do not exclusively allocate attorneys' fees to the named plaintiff, Defendants' estimate of potential attorneys' fees must be divided by the number of class members. *See* RCW 49.12.150; RCW 49.46.090; RCW 49.48.030; RCW 49.52.070. Life Care has submitted evidence that it currently employs "1,504 hourly associates" in Washington. Dkt #1 ¶ 17. Mr. Atkinson argues that even if it were to limit the class "to just the subset of current employees and dividing even the largest of Life Care's so-called comparator awards amongst them, the prorated fees amount to $895.80 per class member. ($1,346,400/1,503)"—well below the $75,000 requirement. Dkt. #11 at 9. In response, Life Care states that it has not improperly aggregated Mr. Atkinson's fees with the putative class's fees, but that it has "simply put forth sufficient evidence to show that Plaintiffs' counsel's fees (if they are successful) are likely to exceed the jurisdictional threshold." Dkt. #12 at 12. This is a non-answer to Mr. Atkinson's argument. Life Care has provided evidence that its fees *overall* may cross the $75,000 threshold but makes no attempt to explain how at least $75,000 can be attributed to Mr. Atkinson after a pro rata division of fees across the class. Without more information, the evidentiary record demonstrates that a maximum value of $895.80 in attorneys' fees is included in the amount of controversy—this does not establish that the amount in controversy exceeds $75,000.

//

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 6

## IV.     CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Plaintiff Jesse Hill Atkinson's Motion to Remand (Dkt. #7) is GRANTED.
2. This case is hereby REMANDED to the Superior Court of Washington State in and for the County of King.
3. This matter is now CLOSED.

DATED this 23rd day of September, 2022.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE